Richard Dunn COOK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8017.

United States Court of Appeals
Tenth Circuit.

May 24, 1965.

Rehearing Denied June 9, 1965.

William F. Klas, Denver, Colo., for appellant.

LeRoy V. Amen, Asst. U. S. Atty. (Robert N. Chaffin, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS, and SETH, Circuit Judges.

LEWIS, Circuit Judge.

This case reaches us by direct appeal from a judgment of conviction entered by the District Court for the District of Wyoming after trial to a jury for a violation of 50 App. U.S.C. § 462(b) (2), possession of a Selective Service Notice of Classification belonging to another with intent that it be used for the purpose of false identification. Appellant does not question the sufficiency of the evidence to warrant conviction but contends such evidence to be largely the fruits of a search and seizure obtained as incident to an illegal arrest. A motion to suppress, Rule 41(e), Fed. R. Crim. P., was denied by the trial court after a full hearing. The circumstances of appellant's arrest are not in dispute and our consideration may thus be limited to the question of the validity of the arrest.

Shortly before midnight on August 3, 1964, appellant made and cashed a check at a tavern in Casper, Wyoming, identifying himself by means of a selective service card as "Larry Scott Kellum," and giving a resident address and telephone number. The bar manager, becoming suspicious, called the telephone number given to him by appellant and found that Larry Scott Kellum was not known at that number. Appellant had by then left the tavern and the manager, deciding he had accepted a bad check, reported the incident to the Casper police and furnished them a description of appellant and the make and license number of the car appellant was driving. The police radio dispatcher broadcast the information with instructions to police officers "to watch and check on" the car, according to the testimony of the dispatcher, and "to bring him down to the police station," according to the arresting officer.

At 12:30 a. m. that same night a Casper police officer noticed a car with improper mufflers and began following it. He then noticed the license number as the one described in the broadcast bulletin, and, with the aid of another officer, stopped appellant and arrested him for driving with faulty mufflers, a statutory offense under the law of Wyoming. Wyo.Stat. § 31–205. Appellant was then taken to the city jail and "booked in," a procedure which the officer followed "every time" for drivers with faulty equipment. A routine search of appellant's person produced the false identification papers and interrogation revealed appellant's true identity. The Casper police turned the information and evidence over to federal authorities and the subject prosecution resulted.

We agree with the trial court's ruling that the evidence was obtained as

incident to a lawful arrest and consequently can properly premise the federal prosecution. Wyo.Stat. § 7–12 provides that it is the duty of every policeman to arrest, promptly and without warrant, any person who in his presence violates any law of the State of Wyoming. See State v. George, 32 Wyo. 223, 231 P. 683. The offense premising the arrest was committed in the officer's presence and routine and lawful police procedures were followed throughout. A bona fide arrest for one offense often reveals evidence of another and more serious offense and is not rendered illegal because of the prior suspicions or knowledge of the police concerning such other offenses. Although the courts will carefully examine an arrest where there are strong indications that such power is used as an instrument of sham, *e. g.*, Simpson v. United States, 10 Cir., 346 F.2d 291, the case at bar compels no such finding and the evidence clearly supports the trial court's judgment. Certainly the findings below are not clearly erroneous. Compare Weed v. United States, 10 Cir., 340 F.2d 827, 828, with, Murray v. United States, 10 Cir., 333 F.2d 409, 412.

Affirmed.