**Thomas Eugene MORAN, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 10055.**

United States Court of Appeals
Tenth Circuit.

Dec. 9, 1968.

Jerry S. Duncan, Oklahoma City, Okl., for appellant.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before LEWIS and HICKEY, Circuit Judges, and THEIS, District Judge.

THEIS, District Judge.

Appellant was convicted under a one-count indictment of unlawfully causing to be transported in interstate commerce a false and forged $10.00 check, payable to J. C. Penney Company, in Oklahoma City, signed "James R. Cox," and drawn upon the North Fort Worth State Bank at Fort Worth, Texas.

He claims error in his trial on two principal bases, viz., (1) overruling by the trial court of his motion to suppress as evidence certain identification cards taken by alleged illegal search and seizure from him in a motel room by an F.B.I. agent; and (2) admission of evidence to show the commission of other crimes by appellant.

Since, as in most search-and-seizure cases, the facts are essential to disposi-

tion of the issues of law in the case, they are here set forth in some detail.[1]

On April 26, 1967, Agent Logg, of the F.B.I., was in Wichita Falls, Texas, for the purpose of apprehending a federal parole violator by the name of Hugh J. Crenshaw. Investigation by the agent had disclosed that Crenshaw and a person by the name of James B. Cox, whose physical description was obtained, had recently registered at two motels there; that these two persons, in the preceding few days, had used four different cars, a 1963 Pontiac belonging to Crenshaw, a 1967 Chevrolet rented by Crenshaw using the Cox identification, a 1966 Chevrolet similarly obtained by a person fitting appellant's description using the Cox identification, and a 1967 red Mercury with an Oklahoma license, which agent Logg ascertained to have been stolen in Oklahoma City; that one, Merito, was located in Wichita Falls at 6:30 p.m. on April 26, 1967, while driving the 1963 Pontiac titled in the name of Crenshaw, which he said had been borrowed from Crenshaw; that Merito said Crenshaw and a man fitting the description attributable to Cox, and subsequently to appellant, were registered as "Crossland" and "Moore," in rooms 114 and 115 at the Wayfarer Motel in Wichita Falls, but had gone to Tyler, Texas, earlier in the day; that the day previous (April 25, 1967) Merito had accompanied Crenshaw and the man described as "Cox" to Oklahoma City on April 25, where Crenshaw and he had remained in Crenshaw's car while "Cox" went into the Penney store where the bogus check was cashed, and later had accompanied the man described as "Cox" into another Penney store where "Cox" used a Penney credit card in the Cox name to purchase a suitcase; that Merito drove Crenshaw's car back to Wichita Falls while Crenshaw and the man described as "Cox" drove back in a 1967 red Mercury obtained by them in Oklahoma City. Officer Logg further testi-fied that he and a deputy sheriff staked out the two motel rooms for surveillance; that about 10:00 p. m., on April 26, a red 1967 Mercury was driven up in front of rooms 114 and 115 and a man fitting the "Cox" description got out and went into one of the rooms; that he approached the 1967 red Mercury and apprehended Crenshaw and a female companion in the car, where he made an arrest of Crenshaw as a parole violator. Logg testified he and other state officers then went to the room where "Cox" had entered, obtained admittance to the room by knocking on the door, then identified himself, backed "Cox" to the wall and asked "Cox" for identification. Cox presented a wallet containing various identification cards in the name of "James R. Cox." Thereupon, the agent handcuffed "Cox," took him into custody and proceeded to the county jail. The agent then advised "Cox" of his constitutional rights. Upon inquiry, "Cox" denied any knowledge of the stolen 1967 red Mercury. Thereafter, appellant, as "Cox," volunteered to the agent his true identity as being Thomas Eugene Moran, the fact that he was a federal parole violator, and that the agent would ascertain these facts as soon as the agent fingerprinted him. The description of "Cox" originally given Logg was the same as appellant's physical appearance. Appellant was retained in custody, a federal parole violator's warrant was later served on him, and later yet he was charged and convicted of the offense from which he has here appealed. His companion Crenshaw was charged and convicted of the Dyer Act offense involving the 1967 red Mercury. It is conceded that the agent did not have an arrest or search warrant at the time appellant was taken into custody and at the time the search incident to the arrest was made.

At the trial a James Robert Cox, a government employee in Fort Worth, testified as to the loss of his wallet con-

---

1. "The constitutional validity of a warrantless search is pre-eminently the sort of question which can only be decided in the concrete factual context of the individual case." Sibron v. State of New York, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968).

taining pictures of his family, a J. C. Penney credit card, and a Texas driver's license; that he had not signed or cashed the check in question, or authorized anyone to sign his name; that he had never been in Oklahoma City or Wichita Falls; and that he did not know the appellant.

Testimony was also received from a Mrs. Winfrey, the clerk in the Penney store in Oklahoma City who cashed the bogus check, that a man whose description by her fit appellant, using "Cox" identification via a Penney credit card and a Texas driver's license, had passed the check.

It is upon this set of facts that appellant claims error by the trial court in failing to suppress the evidence in the form of identification cards in the name of "James R. Cox."

The appellant concedes that a search made incidental to lawful arrest is valid, but his contentions here are that he was neither under arrest at the time of the search and seizure complained of nor was there probable cause for arrest, and hence the evidence obtained during the search; i. e., the Cox identification cards, should have been suppressed. The facts of this case definitely make such contentions untenable in our view.

■ Appellant relies on the fact that agent Logg did not specifically advise appellant "he was under arrest" at the time of his apprehension, and that it was some time later that appellant was served with a federal parole violator's warrant. To constitute an "arrest" there must be an actual or constructive seizure or detention of the person, performed with an intention to effect an arrest and so understood by the person detained. Brinegar v. United States (10 Cir., 1947), 165 F. 2d 512, affirmed 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

■ If a suspect is interrupted and his liberty of movement restricted by the arresting officers, then arrest is complete. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134; Sibron v. State of New York, supra. Under the facts here, appellant's arrest was complete as soon as the agent entered the motel room and restricted appellant's movements with the command "not to move" and to "get up against a wall." Following immediately thereafter, in response to the agent's demand for identification from appellant, he furnished his wallet containing the "Cox" cards, and was then handcuffed and led away for incarceration. No formal words are required, nor is a declaration necessary at the time of arrest. United States v. Baxter, 361 F.2d 116 (6 Cir., 1966). Nor did it matter that as a result of the arrest, the arrest being bona fide, he was subsequently booked on other charges rather than the car theft in which he was actually involved, and which undoubtedly was the principal factor justifying probable cause for the arrest. Massey v. United States, 358 F.2d 782 (10 Cir., 1966); Cook v. United States, 346 F.2d 563 (10 Cir., 1965); Seymour v. United States, 369 F.2d 825 (10 Cir., 1966).

■ In order for us to decide whether the F.B.I. agent's arrest of appellant and the seizures incident thereto were lawful, it is necessary to determine whether at or before the time of the arrest, the agent had reasonable cause to believe a crime had been committed by appellant.

■ Under 18 U.S.C. § 3052, an F.B.I. agent may make an arrest for any federal offense committed in his presence, or for any federal felony which he has reasonable grounds to believe that the person arrested has committed or is committing. Lee v. United States, 363 F.2d 469, cert. den. 385 U.S. 947, 87 S.Ct. 323, 17 L.Ed.2d 227. For legal purposes, the "reasonable grounds" basis of this statute is the same as the Fourth Amendment's requirement that arrest may be made only upon "probable cause." As stated by Mr. Justice Stewart in Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L. Ed.2d 142 (1964), probable cause for officers to make an arrest without warrant rests upon "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information, were

sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."

Here, the arresting agent knew that the appellant's companion, Crenshaw, was a federal parole violator, that the man described as "Cox" and Crenshaw had jumped several motel bills, were registered under different names at the hotel where the apprehension occurred, that they had used a number of automobiles in recent days, one of which had been obtained from a rental agency by Crenshaw with a "Cox" name identification, and one obtained by the person later to be identified as appellant, using the "Cox" name identification, that appellant had departed from a 1967 red Mercury automobile which he had just occupied with Crenshaw, and which the agent knew was stolen in Oklahoma City, and which the agent was informed that the same stolen automobile had been driven interstate from Oklahoma to Texas by "Cox" and Crenshaw.[2] This Court does not believe that reasonable minds would differ in arriving at a belief that appellant was engaged in a felonious act justifying his arrest.

Appellant's other principal argument here for setting aside the conviction is that the trial court erred in admitting evidence of other crimes claimed to have been committed by him. It is elementary that evidence of other offenses of an accused is not admissible in the trial of a criminal offense. Jones v. United States (10 Cir., 1958), 251 F.2d 288, cert. den. 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715. However, the exception to this rule is equally well established that to be admissible, evidence of other criminal acts must tend to prove the accused guilty of the crime charged, to connect him with the crime, or to prove some particular element or material fact of the crime. Evidence of other offenses is admissible if it tends to show guilty motive, intent, knowledge, identity, plan, scheme, or course of conduct on the part of the accused. See Berry v. United States, 271 F.2d 775 (1959); Weeks v. United States, 313 F.2d 688 (1963); Woodland v. United States, 347 F.2d 956 (1965); Mills v. United States, 367 F.2d 366 (1966), all Tenth Circuit cases; and DeVore v. United States, 368 F.2d 396 (9 Cir., 1966).

We think an examination of the transcript of testimony before the trial court shows ample evidentiary basis for admission of such testimony of other uses by both Crenshaw and appellant of the Cox identification cards to commit offenses, such as a plan by them to exchange use of the cards in illegally obtaining property so as to confuse possible witnesses in describing who used the cards, the use of the Cox card by appellant on a similar transaction at or near the time of the offense on which he is here charged, and general conduct by him and Crenshaw in a scheme of criminal activity. Additionally, the trial plan of the defense upon cross-examination to cast doubt on the identification by government witnesses of the accused was further basis for the government's showing of other similar and connected offenses by appellant as the defendant in the trial court. The test of admissibility of evidence of other crimes is whether it is material to any issue in the case and tends to prove the crime for which the defendant is on trial. Mills v. United States, supra.

We also note that the court repeatedly admonished and cautioned the jury during trial regarding the limited purpose for which evidence of other offenses might be received, and in its Instruction No. 13 adequately instructed the jury in this same regard. We think the trial court's admission of this type of evidence to have been most proper under the facts and circumstances of this case.

The conviction in the trial court is affirmed.

---

2. The "unexplained possession" rule so firmly fixed in Dyer Act cases especially, if plausible enough to raise an inference of guilty knowledge as a circumstantial evidence rule to a jury, would be much more valid to base probable cause upon in determining the validity of an arrest.