**UNITED STATES of America,**
Appellee,

v.

**Marvin Allen EAGLESTON, Appellant.**

**UNITED STATES of America,**
Appellee,

v.

**Bobby Joe FAUBIAN, Appellant.**
Nos. 114, 115–69.

United States Court of Appeals
Tenth Circuit.

Oct. 17, 1969.

Don E. Gasaway, Tulsa, Okl., for appellant Eagleston.

Richard D. Lamm, Denver, Colo., for appellant Faubian.

Lawrence A. McSoud, U. S. Atty., Tulsa, Okl. (Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellants Faubian and Eagleston were charged in counts two and three of an indictment with violations of 18 U.S. C. §§ 2312 and 2314. Eagleston was individually charged in count one with a violation of 18 U.S.C. § 2312. Both were jointly tried and convicted by a jury. The trial court denied motions for a new trial and sentenced each defendant. This is a direct appeal from the conviction.

Five synonymous issues are raised in the briefs together with five additional issues in Eagleston's brief. Each will be identified and discussed in the body of the opinion.

The evidence introduced by the government and denied by each defendant established that Eagleston, with an associate who testified for the government, stole a motor vehicle on January 12, 1968, transported it in interstate commerce, and then disposed of it in Oklahoma.

The same witness testified that on January 28, 1968, he drove from Tulsa, Oklahoma, to Joplin, Missouri, in the company of both appellants, where they broke and entered a ladies garment store called the "Attic". After they had gained entrance to the "Attic", the witness and Faubian left the clothing store and broke and entered a soft water distributor's shop located near Joplin, Missouri, and stole a panel truck. Eagleston remained in the store with the ladies apparel that had been taken from racks in the store and prepared for transportation. The two in the panel truck returned to the "Attic" and together with Eagleston loaded the stolen apparel into the panel truck and returned from Joplin, Missouri, to Tulsa, Oklahoma. Eagleston drove the truck and Faubian and the witness returned in their automobile. In Tulsa, they delivered a major portion of the clothes to one Welch, however, Eagleston retained a number of items for his own use. These items were identified by the witness.

On February 6, 1968, an officer with the Tulsa Police Department obtained a misdemeanor warrant, charging Eagleston with failing to comply with a Tulsa ordinance requiring known felons in the city to register with the department. The officer went to Eagleston's apartment, knocked on the door which was opened by Eagleston, and executed the warrant.

Eagleston was not completely clothed and requested the arresting officer to permit him to put on a shirt. The officer acquiesced with the proviso that he

accompany Eagleston into the bedroom to obtain a shirt. Eagleston opened a large closet to obtain the shirt thus permitting the officer to view a large rack of women's wearing apparel. The officer knew of several recent burglaries including the Joplin theft and immediately suspected Eagleston. The apparel was seized and brought to the police station after Eagleston had been incarcerated.

Thereafter the federal charges were filed which resulted in the trial and conviction of both Faubian and Eagleston of the three counts charged.

Faubian's third issue and Eagleston's tenth issue relate to the same question.

Eagleston complains of a misjoinder of offenses under Fed.R.Crim.P. 8(a).[1] Faubian complains of a misjoinder of defendants under Fed.R.Crim.P. 8(b).[2]

██ This court has held the joinder of offenses proper if they are of the same character. Hoover v. United States, 268 F.2d 787 (10th Cir. 1959); Mills v. Aderhold, 110 F.2d 765 (10th Cir. 1940); Archambault v. United States, 224 F.2d 925 (10th Cir. 1955). Therefore the misjoinder claim of Eagleston is without merit.

██ Under Fed.R.Crim.P. 8(b) when there is a joinder of defendants and offenses totally unconnected, there is no room for judicial discretion and the court must grant severance. Ingram v. United States, 272 F.2d 567 (4th Cir. 1959). In this case Eagleston participated in the offenses charged in all three counts, however, it is without question that Faubian participated only in counts two and three. Therefore,

there was no misjoinder of offenses regarding Eagleston but there was a misjoinder of defendants in regard to Faubian and the conviction of Faubian must be reversed and remanded to the trial court for further proceedings. The government argues that since counts two and three were properly joined to count one under Rule 8(a), the joinder of Faubian was proper. Rule 8(a), however, does not apply in cases where more than one defendant is joined in the same indictment. Such joinder is governed by Rule 8(b). Williamson v. United States, 310 F.2d 192 n. 16 (9th Cir. 1962); United States v. Welsh, 15 F.R.D. 189 (D.D.C.1953); 1 Wright, Federal Practice and Procedure § 144, at 318 (1st Ed. 1969).[3]

Because of the disposition above made of Faubian's appeal, we now consider the issues raised by Eagleston individually.

It is contended that the refusal of the trial court to grant a continuance prejudiced Eagleston in that he was unable to prepare for trial.

██ A motion for continuance is addressed to the sound discretion of the court and a refusal to grant the motion is not subject to review unless the court abuses its discretion. Warden v. United States, 391 F.2d 747 (10th Cir. 1968). Accordingly, Eagleston contends that the thirteen day period between arraignment and trial was not sufficient time to prepare his case for trial. In Mitchell v. United States, 143 F.2d 953 (10th Cir. 1944), however, we held that a refusal to grant a continuance for a trial

1. Fed.R.Crim.P. 8(a) provides: "Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

2. Fed.R.Crim.P. 8(b) provides: "Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

3. See also § 1.2 Joinder and Severance, Am. Bar Assn., Minimum Standards for Criminal Justice.

set eleven days after arraignment was not an abuse of discretion. *See* Smith v. United States, 413 F.2d 975 (10th Cir. 1969). We hold the court did not abuse its discretion.

Eagleston alleges certain remarks made by the trial court at the time the motion for continuance was denied evidenced an abuse of discretion. Viewing the remarks in their complete context, we cannot conclude they were prejudicial nor did they evidence an abuse of discretion.

■ After overruling defense objection to testimony relative to the burglary which occurred prior to the interstate transportation of the stolen goods, the trial court made the statement, "the jury must know the truth." Eagleston contends this statement was prejudicial and denied him a fair trial. The remarks read in full context convince us the trial court was anxious to elicit the truth. " '* * * The trial judge is not a mere moderator or umpire in the trial of a case in federal court, and, within reasonable bounds, he has the right to participate in eliciting the truth.' " Massey v. United States, 358 F.2d 782, 786–787 (10th Cir.), cert. denied 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed. 2d 105 (1966).

■ It is contended that Eagleston was prejudiced by the fact that the court sentenced four defendants in other cases, during a recess in his case, while the jury was present. When this objection was made known to the trial court, it instructed the jury completely on the irrelevance of the incident to the case at bar. It also questioned the jury as to prejudice. No juror indicated a prejudice.

Because of the instruction and the representations of the jurors this contention clearly impugns the intelligence, integrity, and honesty of the jurors and therefore degrades the system. We find no merit in the contention.

■ Two issues raised in the appeal relate to the evidence identifying the clothing received in evidence as being the same clothing which was stolen. It is contended that this evidence should not have been received and that it was insufficient to warrant the court in submitting count three to the jury.

The sufficiency of evidence in a criminal case is reviewed in the light most favorable to the government. Thomas v. United States, 409 F.2d 730 (10th Cir. 1969).

The store owner, the accomplice government witness, and the accounting records from the store all sustain the inference that the clothes in evidence were the items stolen on January 28. "A fact may be established as surely by presumptions which naturally and logically flow from a chain of events and circumstances as by positive, direct proof." Moffitt v. United States, 154 F.2d 402, 405–406 (10th Cir.), cert. denied, 328 U.S. 853, 66 S.Ct. 1343, 90 L.Ed. 1625 (1946). The clothing received in evidence looked like clothing missing from the store. The inventory of the store confirmed that the style, size and color of missing items were similar to the items offered in evidence except the evidentiary items had the identifying tags torn out. The only defense evidence offered was the denial of the accused. " 'We view such evidence only to determine whether, believing the Government's proof and disbelieving the defendant's countervailing proof, the jury was justified in finding beyond a reasonable doubt that the defendant was guilty of the offense charged.' " Mares v. United States, 409 F.2d 1083, 1084 (10th Cir. 1968). A review of the evidence convinces us the jury was justified in its finding.

The seizure of the clothing in Eagleston's apartment is challenged as an illegal search and seizure. It is also contended that the court did not rule on the motion to suppress the evidence challenged prior to trial.

■ The record reflects a motion to suppress the evidence was filed on the morning the jury trial commenced.

Fed.R.Crim.P. 41(e) provides in part, "* * * The motion [to suppress] shall be made before trial or hearing unless opportunity therefore did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." The trial judge exercised his discretion and at the time the evidence was being offered, held a hearing outside the presence of the jury where evidence on the defendant's behalf was received. Thereafter he denied the motion. The court did not abuse its discretion, rather it fairly and promptly considered the hastily filed motion at the first expeditious moment. We find this contention utterly without merit and a plain effort to corrupt the record.

■ The seizure of the items which constituted the exhibit of stolen clothes received in evidence is challenged. The facts relevant to the arrest and seizure are recited above in the body of the opinion. Eagleston contends the municipal ordinance, upon which the warrant for arrest was based, is unconstitutional and therefore the arrest and seizure were illegal. He relies on Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) wherein a similar statute was held unconstitutional because the felon did not know of its existence. There is not a scintilla of evidence in the record challenging the constitutionality of the ordinance. Eagleston was on the stand in his own behalf and he was not queried nor did he testify regarding his knowledge of the existence of the Tulsa ordinance. Since the issue of constitutionality was never raised before the trial court, we cannot review it.

■ The record reflects the officer was lawfully on the premises with a warrant which he believed was lawfully issued. Once lawfully on the premises, police can observe what is in plain sight. Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966). The trial court believed the officer was invited into the bedroom where he observed the clothing which was in plain sight. This does not violate the rule in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The seizure of the clothing was not tainted and therefore was admissible as evidence.

■ Eagleston further contends that discovery should have been permitted. The record reveals the government opened its files to counsel and disclosed everything available to them prior to trial. Eagleston argues he should have been granted a disclosure of witnesses by the government. In non-capital cases, however, an accused is not entitled to be furnished a list of the names of government witnesses. United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969); Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968).

It is finally contended by Eagleston that the testimony relating to the breaking and entering of the clothing store, together with the testimony relating to the burglary of the soft water shop, from which the panel truck was stolen, was erroneously admitted.

18 U.S.C. § 2314 prohibits the transportation of stolen goods in interstate commerce "* * * knowing the same to have been stolen, * * *." 18 U.S.C. § 415 was the predecessor of § 2314. In the prosecution of cases arising under § 415 testimony relative to robberies and burglaries occurring prior to the period covered in the indictment was properly admitted to prove intent. Kowalchuk v. United States, 176 F.2d 873 (6th Cir. 1949); Gordon v. United States, 164 F.2d 855 (6th Cir. 1947), cert. denied, 333 U.S. 862, 68 S.Ct. 741, 92 L.Ed. 1141 (1948).

■ Evidence of other offenses is admissible if it tends to show guilty motive, intent, knowledge, identity, plan, scheme or course of conduct of the accused. Moran v. United States, 404 F.2d 663 (10th Cir. 1968); McGee v. United States, 402 F.2d 434 (10th Cir. 1968), cert. denied 394 U.S. 908, 89 S.Ct. 1020, 22 L.Ed.2d 220; Johnson v. United States, 207 F.2d 314 (5th Cir. 1953), cert. denied, 347 U.S. 938, 74 S.Ct. 632,

98 L.Ed. 1087 (1954), permits the evidence of theft to be shown in a prosecution under § 2314.

Reversed and remanded for retrial as to appellant Faubian.

Affirmed as to appellant Eagleston.