**UNITED STATES of America,**
**Appellee,**

v.

**Eddie Albert MOEHRING, Appellant.**

**No. 434–70.**

United States Court of Appeals,
Tenth Circuit.

June 16, 1971.

Rehearing Denied Sept. 15, 1971.

---

James A. Pusateri, Kansas City, Kan. (Robert J. Roth, U. S. Atty., District of Kansas, Glen S. Kelly, Asst. U. S. Atty., on the brief), for appellee.

Laurence M. Jarvis, Kansas City, Kan., for appellant.

Before JONES *, HILL and Mc-WILLIAMS, Circuit Judges.

JONES, Circuit Judge:

Eddie Albert Moehring has appealed a conviction of transporting a stolen automobile in interstate commerce in violation of the Dyer Act, 18 U.S.C.A. § 2312. He urges that his motion for acquittal made at the close of the prosecution's case should have been granted and that it was error for the district court to allow the prosecution to reopen its case after the motion was made.

The appellant and Marvin Luetjen began drinking in Olathe, Kansas. They later appeared at a bar in Kansas City, Missouri, where they continued drinking. Appellant testified that Luetjen left and that he joined a man who was not identified. They agreed to continue drinking. The appellant testified that following more drinks, he was offered this man's car for the purpose of buying more liquor. Moehring took the car and, according to his testimony, began driving in search of a liquor store. Moehring was stopped by a police officer in Fairway, Kansas, and charged with four traffic violations. Though it was a cold night, Moehring had been driving with one of the rear windows rolled down. A dealer sticker from Downtown Chrysler-Plymouth of Kansas City, Missouri, was glued to this window. The car, a new 1970 Plymouth, had no license tags and was covered with a dust-like protective wax coating.

The arresting officer suspected the car to be stolen and called the manager of Downtown Chrysler-Plymouth. After a check, the manager determined that the identification number of the car Moehring was driving was identical to that of a car belonging to his company. The car had been locked inside company premises. No one had been authorized to drive it.

At the trial the Government presented four witnesses and rested. The appellant moved for a judgment of acquittal on the ground that there was no evidence as to the identification number of the car Moehring was driving. After reviewing the transcript, the Government counsel moved to reopen its case in chief. This motion was granted. The officer was recalled and testified as to the identification number of the car the appellant was driving, thus establishing its identity with the description of the car which had been stolen. A second motion for acquittal was made after the Government again rested. At the end of the appellant's case, these motions were renewed. The motions were denied.

The appellant first urges that his motion for acquittal made after the Government first rested should have been granted. There might be merit in this contention if the Government had not re-

* Of the Fifth Circuit, sitting by designation.

opened its case and established the identity of the car by proving the identification number. United States v. Turner, 10th Cir.1970, 421 F.2d 252. In the Turner case it was held that proof identifying a vehicle in the defendant's possession merely by color, make and model was insufficient to sustain a conviction of automobile theft. If, as the appellant contends, the motion to reopen should have been denied, then it may be that the Turner case would require reversal, but this is by no means certain. The question is not decided because contrary to the assertion of the appellant, the motion to reopen and make positive proof of identity by testimony as to the identification number was properly granted.

The appellant asks this Court to reconsider the case of Massey v. United States, 10th Cir.1966, 358 F.2d 782. In this case it was held that there was no error in permitting the Government to reopen. In the case cited, the Government was permitted to reopen the case twice to establish the identity of a stolen vehicle. The Court stated:

"The trial judge twice allowed the government to reopen its case. The trial court has a large discretion with respect to order of proof and permitting a party to reopen after it has rested. See Lucas v. United States, 343 F.2d 1 (8th Cir.1965). The testimony allowed on both occasions related to identification of the automobile. There is no suggestion that this surprised the appellant, or that any further preparation was necessary to meet this testimony. The appellant did not request a continuance. Under these circumstances, the trial court did not abuse it discretion in allowing the government to reopen." 358 F.2d 782, 786.

The Massey case is here controlling. It states well settled principles and we must decline the appellant's invitation to overrule it. The district court did not err in allowing the prosecution to reopen its case. The judgment and sentence of the district court is

Affirmed.