**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Danny ALDERETE, Defendant-Appellant.**

**No. 78–2047.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 29, 1979.

Decided Feb. 5, 1980.

R. E. Thompson, U. S. Atty., Stanley K. Kotovsky, Jr., Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Danny Alderete was convicted by a jury of possession with intent to distribute heroin and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). At trial, a paid informant of the Albuquerque Police Department, Walso Jackson, testified concerning two heroin buys he made from Alderete. Tape recordings of these transactions were played to the jury over the objection of defense counsel.

The four issues raised on appeal are: (1) whether the trial court erred in allowing the government to reopen its case-in-chief to establish jurisdiction; (2) whether the trial court commented improperly upon the failure of Alderete to testify; (3) whether the trial court properly exercised its discretion in limiting cross-examination; and (4) whether Alderete was deprived of effective assistance of counsel. The case was submitted on the briefs by agreement between the parties.

I.

After the government had rested its case during the trial, Alderete moved the court for a directed verdict of acquittal contending that the government had failed to establish jurisdiction. Alderete asserted that no evidence had been presented to prove the offenses occurred in the District of New Mexico. After some discussion as to whether there had actually been testimony that the transactions took place in Albuquerque, the trial court allowed the government to reopen and recall the informant Jackson, over defense counsel's objection. Jackson thereupon certified that he bought the heroin from Alderete in Albuquerque, New Mexico.

The trial court has wide discretion in allowing a party to reopen its case after resting. *Massey v. United States*, 358 F.2d 782 (10th Cir. 1966), *cert. denied*, 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105 (1966). Such discretion is not abused where there is no suggestion of surprise, and no further preparation is required to meet the testimony, particularly where a continuance is not requested. Although Alderete claims he was prejudiced by the intervention of the trial judge, he has offered no facts to support that contention.

It is clear from the record that the government's failure to establish jurisdiction was an oversight. The case of *United States v. Phillips*, 575 F.2d 1265 (9th Cir. 1978), cited by Alderete, is easily distinguishable from the present situation. In *Phillips*, the prosecution deliberately delayed asking the court to reopen until after the defense had opened its case and was clearly prejudiced. This court has repeatedly held that where, as here, a party has failed to establish an element of its case through mere inadvertence, and no preju-

dice occurs, the trial court has properly allowed the case to be reopened after resting. *United States v. Skolek*, 474 F.2d 582 (10th Cir. 1973); *United States v. Moehring*, 446 F.2d 516 (10th Cir. 1971); *United States v. Keine*, 424 F.2d 39 (10th Cir. 1970), *cert. denied*, 400 U.S. 840, 91 S.Ct. 81, 27 L.Ed.2d 75 (1970). Accordingly, we hold that the trial court did not err in permitting the government to reopen to establish jurisdiction.

## II.

■ Alderete's argument that the trial court commented improperly on his failure to testify is based on preliminary remarks made by the judge before the opening statements of the parties. During his introductory instructions, the trial judge explained that "a witness is anyone who testifies, including the defendant." Alderete contends that this remark engendered an expectation in the jury that he would testify, and that he was prejudiced when he failed to take the stand. We disagree.

In *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir. 1955), this court set forth the following test to determine whether a comment will be considered a reference to the defendant's failure to testify:

> [T]he test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. (Citation omitted).

*See also United States v. Bridwell*, 583 F.2d 1135 (10th Cir. 1978). Here, the statement itself was part of the trial court's definition of evidence and witnesses. Moreover, defense counsel failed to object at the time it was made, underscoring the insignificance of the statement when taken in context. In *United States v. Walton*, 552 F.2d 1354 (10th Cir. 1977), *cert. denied*, 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977), we found a failure to object significant when applying the test articulated in *Knowles*.

Furthermore, the record shows that the judge carefully admonished the jury both before and after the trial that the defendant had no duty to testify and that no adverse inference could be drawn from his failure to do so. The Supreme Court in *Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), distinguished such cautionary comment from adverse comment, noting that the former protects a non-testifying defendant. The Court held that cautionary comment is not an unconstitutional violation of the defendant's fifth amendment rights.

In the circumstances of this case, we hold that the statement about which Alderete objects does not constitute a comment upon Alderete's failure to testify under the test set out in *Knowles*.

## III.

■ The trial court limited defense cross-examination of the police informant Jackson on two occasions during the trial. The first restriction denied Alderete the opportunity to explore Jackson's employment prior to the time he began working for the Albuquerque Police Department, which allegedly would have shown that he supported himself by illegal activities and gambling. The second restriction prevented Alderete from determining whether Jackson had used money paid to him by the Albuquerque police in his gambling activities. Alderete contends that these lines of inquiry should have been permitted as relevant to Jackson's credibility.

Any reversal of a conviction on the basis of undue limitation upon cross-examination must demonstrate a denial of a due process right of confrontation as guaranteed in the sixth amendment, or an abuse of discretion by the trial court in limiting cross-examination. *United States v. Walton, supra; United States v. Heath*, 580 F.2d 1011 (10th Cir. 1978). In *Walton* this court held that the exercise of discretion by the trial court will not be upset unless it is determined to be clearly prejudicial.

The record of the testimony of the informant Jackson shows that evidence of his felony convictions prior to 1978 was presented to the jury. In addition, he testi-

fied that he became an informant in exchange for having pending charges of receiving and dealing in stolen property dropped, and to avoid prosecution as an habitual offender. He testified further to being a drug addict for ten years, and to gambling during the time he worked for the Albuquerque police. In its instructions, the trial court cautioned the jury to carefully consider the credibility of Jackson based on these facts.

It is apparent from the record that Alderete was not prejudiced as a result of the trial court's limitation of cross-examination. Accordingly, there was no abuse of discretion.

### IV.

Alderete's final contention is that he was deprived of effective assistance of counsel because his trial counsel failed to obtain the introduction into evidence of an article relating to the testing of synthesized compounds which allegedly produce the same test results as heroin. We have reviewed the entire record, and it is our opinion that Alderete's trial counsel fully met the standards for effective assistance of counsel recently set forth by us in *Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980).

The judgment is affirmed.