53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mauro LOPEZ-TERRAZAS, Defendant-Appellant.
 No. 94-2076.
 United States Court of Appeals, Tenth Circuit.
 March 20, 1995.
 
 Before MOORE, ALDISERT*, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT**
 ALDISERT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore submitted without oral argument.
 
 
 2
 Mauro Lopez-Terrazas is a Mexican citizen and legal resident of the United States. While re-entering the United States, Appellant was stopped at an immigration checkpoint on Highway 185. A legal search of his vehicle revealed 93.76 pounds of marijuana. Appellant was charged with and convicted of possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(D). He appeals and argues (1) abuse of discretion in allowing the prosecution to reopen its case; (2) error in refusing to give a requested jury instruction; (3) plain error in prosecution's misstatements during closing argument; and (4) clear error in failing to find that Appellant was a minor participant under U.S.S.G. Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm the conviction and sentence imposed by the district court.
 
 I.
 
 3
 The trial court has wide discretion in allowing a party to reopen its case after resting. Massey v. United States, 358 F.2d 782, 786 (10th Cir.), cert. denied, 385 U.S. 878 (1966). "Such discretion is not abused where there is no suggestion of surprise, and no further preparation is required to meet the testimony." United States v. Alderete, 614 F.2d 726, 727 (10th Cir.1980); see also United States v. Montgomery, 620 F.2d 753, 757 (10th Cir.), cert. denied, 449 U.S. 882 (1980). The district court permitted the prosecution to reopen its case and to enter testimony from an experienced border patrol agent who testified that some Mexicans maintain eye contact with him and others do not. This testimony was entered to rebut the defense's expert witness who testified that eye contact between a Mexican citizen and an authority figure would have demonstrated a threat. There is no suggestion that the additional rebuttal surprised the Appellant, or that any further preparation was necessary to meet this testimony. Simply put, there was no prejudice.
 
 II.
 
 4
 The refusal to give a particular jury instruction also is within the discretion of the district judge. United States v. Pena, 930 F.2d 1486, 1492 (10th Cir.1991). While a defendant is entitled to an instruction regarding his theory of the case, the district judge has substantial discretion in formulating the instructions, so long as they are correct statements of the law and adequately cover the issues presented. United States v. Scafe, 822 F.2d 928, 932 (10th Cir.1987). The theory of Appellant's defense was that he did not know the marijuana was in the car and that he was tricked into transporting it. The jury was fully instructed on the issues of presumption of innocence, burden of proof, reasonable doubt, consideration of permissible evidence, characterization of evidence, determinations of credibility, and the elements of conviction. More particularly, the jury was instructed that "an act or failure to act is knowingly done if done voluntarily and intentionally and not because of mistake or accident or other innocent reason."
 
 III.
 
 5
 Appellant's assertion of alleged prosecutorial misconduct was not raised below, and thus is reviewed only for plain error. United States v. Haar, 931 F.2d 1368, 1376 (10th Cir.1991). Plain error is "prejudicial error" affecting the jury's ability to judge the evidence fairly. United States v. Young, 470 U.S. 1, 12 (1985). Appellant argues that the prosecutor improperly characterized the government's burden of proof beyond a reasonable doubt. However, the prosecution's "comment was isolated and mitigated by the numerous instructions given by the court on the government's burden to prove guilt beyond a reasonable doubt." United States v. Ellzey, 936 F.2d 492, 497-98 (10th Cir.), cert. denied, 502 U.S. 950 (1991). Jury instructions were given prior to closing arguments. The instructions included a "presumption of innocence" instruction and an instruction on the government's burden of proof. The jury instructions clearly stated that it was the government's responsibility to overcome the presumption of innocence and to establish guilt beyond a reasonable doubt. We have no reason to believe that the prosecutor's statement confused the jurors about the government's responsibility in this case. Considering all factors, we conclude that the prosecutor's remark is not such a gross misstatement as to deprive the defendant of his right to a fundamentally fair trial.
 
 IV.
 
 6
 Finally, the district court's finding that Appellant was not a minor participant is a finding of fact that must be accepted unless it is clearly erroneous. United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir.), cert. denied, 114 S.Ct. 2762 (1994). The record evidence supports the jury's conclusion that Appellant possessed the marijuana, that he intended to distribute it, and that he had knowledge his actions were illegal. Although others may have been involved in the implementation of this crime, Appellant did not provide details of a larger operation sufficient to persuade the district court that he was substantially less culpable than his cohorts. We do not have a strong and definite impression that a mistake has been made, and thus find no error in denying Appellant a downward departure under U.S.S.G. Sec. 3B1.2(b).
 
 V.
 
 7
 We have considered all the arguments advanced by the parties and conclude that no further discussion is necessary. The conviction and sentence are AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470