**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

JAMES LYLE HERRON,

    Defendant–Appellant.

No. 09-1532
(D.C. Nos. 1:07-CV-00776-LTB & 1:03-
CR-00161-LTB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

James Lyle Herron, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. Because Herron has not made a

substantial showing of the denial of a constitutional right, we deny a COA and dismiss

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

[1] Because Herron proceeds pro se, we construe his filings liberally. See Haines v.
Kerner, 404 U.S. 519, 520-21 (1972).

the appeal.

## I

Herron was charged with two counts of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At trial, a government witness could not identify Herron as the person for whom he purchased a firearm. This testimony was struck as irrelevant, and the witness's inability to identify Herron led to the dismissal of one count. A jury subsequently convicted Herron on the remaining count.

Herron was sentenced as an armed career criminal pursuant to § 924(e)(1). On appeal, we affirmed his conviction and sentence. United States v. Herron, 432 F.3d 1127, 1140 (10th Cir. 2005). After his petition for certiorari was denied, Herron filed a motion in the District of Colorado under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. His motion alleged a number of constitutional violations, including ineffective assistance of trial and appellate counsel. The district court denied both the motion and Herron's request for a COA. Herron now requests a COA from this court.

## II

A petitioner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Herron to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S.

473, 484 (2000) (quotations omitted).

On appeal, Herron makes seven claims of ineffective assistance of trial counsel. To establish ineffective assistance of counsel, Herron must demonstrate: (1) that he was deprived of "reasonably effective assistance" of counsel; and (2) that counsel's deficient performance prejudiced him, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 680, 694 (1984). "When . . . the basis for [an] ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue." United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006). If the omitted issue is without merit, the failure to raise it is not prejudicial. Id.

First, Herron contends that his trial counsel was ineffective for failing to object to the district court's repeated advisements regarding Herron's right not to testify at trial. We evaluate whether a comment is an improper reference to a defendant's failure to testify by asking "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955); see also United States v. Alderete, 614 F.2d 726, 728 (10th Cir. 1980) (applying the Knowles test to a comment by the trial judge). On numerous occasions, the trial court stated that the jury could neither consider nor hold against Herron his decision not to testify because a criminal defendant has a right against self-incrimination. Such admonitions are entirely proper and do not run afoul of Knowles.

Herron next contends that trial counsel was ineffective because he failed to object to or request a limiting instruction regarding testimony as to Herron's prior confinement and felony convictions. Three witnesses at trial testified that Herron had previously been on parole. However, Herron stipulated to having been a felon. He does not explain how he was prejudiced by testimony that he had been paroled in light of this stipulation.

Herron's third argument is that counsel was ineffective for failing to request a mistrial or "admonishment of the jury" after the trial court dismissed the second count. But the record reveals that the trial court instructed the jury that it was dismissing the second count and that "[t]he jury [would], therefore, be deliberating on Count 1." It further instructed the jury to disregard the testimony of the government witness who testified about the gun listed in the second count. Any further instruction would have been repetitive. Nor was counsel ineffective for failing to request a mistrial. A defendant is entitled to a mistrial only if his "right to a fair and impartial trial has been impaired." United States v. Caballero, 277 F.3d 1235, 1242 (10th Cir. 2002). Herron offers only speculation that the jury failed to follow the court's instructions. Such speculation cannot serve as a proper ground for granting a mistrial. See United States v. Cooper, 464 F.2d 648, 656 (10th Cir. 1972).

Fourth, Herron complains that trial counsel did not object to a "misleading statement" by the prosecutor. During closing argument, the prosecutor speculated that the reason a witness "could not conclusively identify Mr. Herron in the courtroom" was because "Mr. Herron [didn't] look the same as he did a year and a half [before]." Herron

argues that the prosecutor's remark encouraged the jury to consider evidence presented to prove the dismissed count. But the jury was already instructed not to consider any of this evidence. Because we presume jurors follow the court's instructions, id. at 656, this contention lacks merit.[2]

Herron's next argument is that trial counsel was ineffective for failing to submit a "complete 'Theory of Defense/Case' instruction, or object to the incomplete instruction given." Herron claims that the jury instruction regarding the defense of innocent possession improperly shifted the burden to him to prove his innocence. Although the challenged instruction did not mention the burden of proof, another instruction expressly stated that the government bore the burden of proving each element of the charged offense beyond a reasonable doubt. Accordingly, the jury instructions, taken as a whole "accurately state[d] the governing law and provide[d] the jury with an accurate understanding of the relevant legal standards and factual issues in the case." United States v. Bedford, 536 F.3d 1148, 1152 (10th Cir. 2008) (quotations omitted).

Sixth, Herron argues counsel should have challenged the constitutionality of Herron's prior convictions at sentencing. Herron was sentenced under 18 U.S.C. § 924(e)(1) due to prior violent felony convictions. Section 924(e) does not permit collateral attacks on prior final convictions used for purposes of sentencing under that

---

[2] Herron also argues that the prosecutor improperly "exhort[ed] the jury to do its job" during closing argument. This claim is waived, however, because Herron did not raise it before the district court. United States v. Cook, 997 F.2d 1312, 1316 (10th Cir. 1993).

section.  Custis v. United States, 511 U.S. 485, 490-91 (1994).  A challenge to Herron's prior convictions would therefore have been meritless.

Herron's final argument regarding trial counsel's performance is that counsel should have requested a hearing to determine Herron's competency to stand trial.  But trial counsel cannot be held ineffective for failing to request a competency hearing when there is no record evidence of incompetence.  Cf. United States v. Herrera, 481 F.3d 1266, 1271-72 (10th Cir. 2007) (a defendant is entitled to a hearing when there is a bona fide doubt about his competency).  Herron does not cite to any evidence in the record demonstrating a failure to understand the proceedings against him or an inability to consult with his lawyer.  See Dusky v. United States, 362 U.S. 402, 402 (1960).  Nor does he respond to the district court's observation that he "was lucid at trial and displayed no irrational behavior during the proceedings."

Recycling many of his claims concerning trial counsel, Herron further argues that he suffered ineffective assistance of appellate counsel.  We evaluate whether appellate counsel was ineffective using the standard articulated in Strickland.  Appellate counsel cannot be constitutionally deficient for failing to raise an issue on direct appeal if the omitted issue was without merit.  Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  Herron contends that his appellate counsel was ineffective for:  (1) failing to collaterally attack his prior convictions as unconstitutional; (2) failing "to present the issue of the failure to hold a competency hearing"; (3) failing to argue that the court should have instructed the jury to disregard all evidence related to count two; and (4)

failing to argue that Herron suffered ineffective assistance of trial counsel.  Because we have already determined that these claims lack merit, Heron's appellate counsel could not have provided ineffective assistance by failing to raise them.  To the extent Herron argues cumulative error, this argument fails for the same reason:  None of his claims of error have merit.  See Workman v. Mullin, 342 F.3d 1108, 1116 (10th Cir. 2003).

## III

For the foregoing reasons, we **DENY** Herron's application for a COA and **DISMISS** the appeal.  Because he has failed to present a non-frivolous argument on appeal, see 28 U.S.C. § 1915(e)(2), we **DENY** his motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge