**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Blake Watson COLEMAN, Defendant-Appellant.**

**No. 24–69.**

United States Court of Appeals
Tenth Circuit.

June 4, 1969.

Joseph Warner III, Albuquerque, N. M. (J. Stephen Gammill, Albuquerque, N. M., on the brief), for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

**1134**

PICKETT, Circuit Judge.

Appellant Coleman was convicted and sentenced for the illegal transportation of a motor vehicle from Las Vegas, Nevada to Grants, New Mexico with knowledge that it had been stolen. His principal challenge to the conviction is the admission in evidence of a prior similar offense and the court's instruction relating thereto.[1]

Early in March, 1968, a number of credit cards issued to Harry S. Weiss were stolen from the glove compartment of his automobile at Arcadia, California. On July 13, 1968 at Las Vegas, Nevada Coleman, representing himself to be Harry S. Weiss and using some of the Weiss credit cards for identification, obtained a rental automobile from a car rental service. Coleman signed the rental contract as Harry S. Weiss. Shortly thereafter, he was apprehended in New Mexico with the rented car. At trial the court admitted evidence showing that approximately one month prior to the Las Vegas transaction Coleman had rented an automobile from a Cedar City, Utah concern by using substantially the same method as used at Las Vegas. In both instances he represented himself to be Harry S. Weiss and used the Weiss credit cards for identification to establish his credit. The court instructed the jury that evidence of the prior offense could be considered by it only "in determining the state of mind or intent with which the defendant did the acts charged in the Indictment * * *."

■ The rule relating to the admissibility of other offenses in the trial of a criminal case has often been considered by this court. It was most recently stated in Moran v. United States, 10 Cir., 404 F.2d 663, 667:

"It is elementary that evidence of other offenses of an accused is not admissible in the trial of a criminal offense. Jones v. United States (10 Cir., 1958), 251 F.2d 288, cert. den. 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d

715. However, the exception to this rule is equally well established that to be admissible, evidence of other criminal acts must tend to prove the accused guilty of the crime charged, to connect him with the crime, or to prove some particular element or material fact of the crime. Evidence of other offenses is admissible if it tends to show guilty motive, intent, knowledge, identity, plan, scheme, or course of conduct on the part of the accused. See Berry v. United States, 271 F.2d 775 (1959); Weeks v. United States, 313 F.2d 688 (1963); Woodland v. United States, 347 F.2d 956 (1965); Mills v. United States, 367 F.2d 366 (1966), all Tenth Circuit cases; and DeVore v. United States, 368 F.2d 396 (9 Cir., 1966)."

See also Beckwith v. United States, 10 Cir., 367 F.2d 458; Robinson v. United States, 10 Cir., 366 F.2d 575, cert. denied, 385 U.S. 1009, 87 S.Ct. 717, 17 L. Ed.2d 547. Evidence of the Cedar City, Utah transaction was well within the rule and admissible to show intent and a course of conduct.

■ In his argument to the jury, counsel for the defense referred to the fact that Coleman, when first interviewed by the New Mexico Highway Patrolman, displayed his own driver's license and not that of Harry S. Weiss. He then stated: "I submit to you that why in the world wouldn't he have used Weiss' driver's license, if he, in fact, was trying to get away with this? Because he would obviously have gotten away with it." Weiss' driver's license was not admitted in evidence and the only reference to it was made by the agent who had rented the car to Coleman in Las Vegas. She indicated in her testimony that Coleman had Weiss' driver's license. In response to this argument, counsel for the United States argued that a possible reason for Coleman's failure to show the patrolman Weiss' driver's license was because the

---

1. The objection was not to the substance of the instruction, but to the giving of any

instruction on the subject because of the inadmissibility of the evidence.

description thereon would indicate that there was no physical similarity between Weiss and Coleman. The court overruled an objection, stating that "the jury will remember what the evidence is, and that is the only evidence you may consider." Although there is some doubt as to Coleman's possession of the Weiss driver's license, in view of defense counsel's argument and the court's statement to the jury, there could be no prejudice in statements made by counsel for the United States.

Affirmed.