**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred William STEVENS, Defendant-Appellant.**

**No. 71–1337.**

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1972.

Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., on the brief), for appellee.

George E. Grist, Wichita, Kan., for appellant.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Fred William Stevens appeals from his jury conviction on two counts of receiving and storing two stolen automobiles, which had moved in interstate commerce, knowing them to have been stolen, in violation of 18 U.S.C. § 2313.

Stevens was the owner and operator of the A–1 Auto Clinic in Wichita, Kansas. He repaired and painted cars and, on occasions, he bought and sold cars. Stevens was in possession of two cars which were stolen from outside the State of Kansas. These cars were a 1970 Chrysler and a 1970 Thunderbird. There was evidence that Stevens had knowledge of other stolen cars in the Wichita area.

Stevens introduced some evidence which tended to show innocent possession of the stolen vehicles. However, as we said in Chapman v. United States, 443 F.2d 917 (10th Cir. 1971):

"A conviction must be upheld if there is substantial evidence to support it. On appeal the evidence must be viewed in the light most favorable to the prosecution." 443 F.2d at 919.

### COUNT I

The Avis Rent-A-Car Company rented a 1970 Chrysler, in Houston, Texas, to a man who identified himself as George R. Willis. The car was not returned. Avis notified authorities of its theft on May 4, 1970.

On August 12, 1970 a Wichita police officer noticed this car in front of Stevens' residence. Two days later, after learning that the car was stolen, he arrested Stevens. The car then bore a Louisiana license plate which had been discarded by a local car dealer.

Stevens first claimed that he purchased this car from a George Willis. He later claimed that he had purchased the car from a man called "Brother Nathan" Shabazz whose real name is James Nathan Taylor. Taylor testified that he had not sold Stevens the car and that at the time of the alleged sale he was probably in the county jail in Kansas City.

### COUNT II

Some time during the latter part of April, 1970, a 1970 Thunderbird was stolen from the Ralph Williams' Ford Agency in Los Angeles, California.

On August 17, 1970, Stevens took this car to a body repair shop in Wichita and left it there for repairs. He claimed that he had purchased the car from one Al Grey. Stevens made application for a car title in Kansas. He used an Oklahoma title certificate to prove his ownership. The title certificate presented by Stevens was one of many blank certificates stolen from the State of Oklahoma. The title indicated that the car had been sold to Stevens and/or the A–1 Auto Clinic by a Melvin Saffier.

### CONTENTIONS ON APPEAL

Stevens contends that the lower court erred in: (1) admitting the testimony of the police officers concerning the information he gave them about other stolen cars; and (2) failing to sustain his motion for acquittal because of insufficient evidence.

Following his arrest and in the presence of his lawyer, Stevens answered questions posed by law officers pertaining to other stolen cars in the Wichita area. Stevens waived his Miranda

rights before answering these questions. During the trial questions were asked of two Government witnesses concerning this information given by Stevens. They testified that after Stevens gave them the descriptions and locations of several other cars which he believed to be stolen, their follow-up investigations disclosed that this information volunteered by Stevens was true. Several stolen cars were then recovered.

■ It is fundamental that evidence of other crimes may be admitted if it tends to show guilty motive, intent, knowledge, identity, plan, scheme or course of conduct of the accused. United States v. Eagleston, 417 F.2d 11 (10th Cir. 1969) ; United States v. Coleman, 410 F.2d 1133 (10th Cir. 1969). Although the testimony had substantive value under the *Eagleston* and *Coleman* cases, it may have been subject to procedural complaint on the ground that it was conclusory. However, Stevens did not object to its admission nor did he move to strike or for a mistrial. He cross-examined the Government's witnesses concerning this testimony. Where no objection is made to the admission of evidence, the Court of Appeals will not reverse unless substantial justice requires. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958) ; Tapia v. Rodriguez, 446 F.2d 410 (10th Cir. 1971) ; Findley v. United States, 362 F.2d 921 (10th Cir. 1966).

■ In determining whether the "clear error" rule should be invoked, the entire record must be reviewed and considered. Adams v. United States, 375 F.2d 635 (10th Cir. 1967), cert. denied, 389 U.S. 880, 88 S.Ct. 117, 19 L.Ed.2d 173 (1967) ; Jennings v. United States, 364 F.2d 513 (10th Cir. 1966), cert. denied, 385 U.S. 1030, 87 S.Ct. 760, 17 L. Ed.2d 677 (1967). And in weighing whether there was a clear error the most significant factor to be considered is the strength of the case against the defendant. United States v. Williams, 445 F.2d 421 (10th Cir. 1971). The evidence against Stevens is substantial;

the testimony concerning other stolen vehicles could not have had a significant effect in influencing the jury verdict. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

We affirm.