UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard ROWE, Defendant-Appellant.

No. 76–1615.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 19, 1977.

Decided Nov. 10, 1977.

**636**

Lyman G. Sandy, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

David A. Freedman, Albuquerque, N. M. (Freedman, Boyd & Daniels and Willard F. Kitts, Albuquerque, N. M., on the brief), for defendant-appellant.

Before McWILLIAMS and DOYLE, Circuit Judges, and MARKEY, Chief Judge.*

McWILLIAMS, Circuit Judge.

Richard Rowe, a Cherokee Indian, was convicted by a jury on all four counts of an information charging him with knowingly and unlawfully offering for sale, and selling, parts of the bodies of golden eagles in violation of the Protection of Bald and Golden Eagles Act. 16 U.S.C. § 668(a). Each count was based on a separate transaction. Count III was based on a transaction occurring on November 29, 1975, and the error urged on appeal as grounds for reversal pertains to evidence offered in connection with this count.

Count III was based on a transaction involving Rowe, the defendant, and one Norman M. Maisel, an Albuquerque, New Mexico store owner dealing in Indian jewelry and artifacts. According to Maisel, on November 29, 1977, he bought an "Eagle Dancer" costume consisting of some 55 golden eagle feathers from the defendant. This sale took place in Maisel's store in Albuquerque. Maisel testified that he had a rather elaborate intercommunications system in his store which was used throughout the store to carry on conversations with employees. The conversation between Maisel and Rowe that lead to the purchase of the Eagle Dancer costume took place near an open intercom speaker. By prearrangement, one Dale Horne, a special agent in the Department of Interior, Fish and Wildlife Service, was stationed, with Maisel's knowledge and consent, in Maisel's private office, and Horne, through the use of the intercom, was able to overhear the entire conversation between Maisel and the defendant. More importantly, Horne, again with Maisel's knowledge and consent, made a tape recording of the conversation between Maisel and the defendant.

Prior to trial the defendant moved to suppress the use at trial of the tape recording of the November 29th conversation between Maisel and himself. This motion was denied. At trial, over objection, the prosecution was allowed to play this tape recording to the jury, the jurors hearing the recorded conversation of the defendant and Maisel by use of earphones.

On appeal, the defendant asserts that the trial court erred in allowing the jury to hear the tape recording of his November 29th conversation with Maisel. Specifically, the defendant claims such recording re-

---

\* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

vealed evidence of other transactions, unrelated to any of the crimes charged in the information for which he was then standing trial. The defendant contends this evidence was highly inflammable and so prejudiced him in the eyes of the jury that he did not receive a fair trial. Alternatively, the defendant asserts that if there was no error in admitting the tape recording, then the trial court erred in not instructing the jury as to the limited purpose for which such evidence was being received. Under the circumstances, we find no reversible error and accordingly affirm.

In the tape recording here objected to the defendant made reference to the fact that he had, about six months prior thereto, been prosecuted in the federal court in Oregon for unlawfully selling parts of the golden eagle. After a mistrial, the defendant conducted his own defense on retrial of the case. According to defense counsel, the defendant, in his recorded conversation with Maisel, boasted that he had managed not only to gain an acquittal verdict from the jury on retrial, but also had actually received a "handshake" from the judge himself. Such statements concerning sale of parts of golden eagles in Oregon are said to be totally unrelated to any of the four transactions which formed the basis for the present prosecution, and counsel asserts that the admission of the tape recording constituted reversible error, citing *United States v. Burkhart*, 458 F.2d 201 (10th Cir. 1972).

■ The root of our present problem really lies in the fact that the defendant, apparently unduly impressed with his legal triumph in Oregon, insisted upon defending himself in the instant proceeding. He spurned the offer of counsel, though he did permit a public defender to be present during his trial. However, the public defender, at the defendant's behest, remained in the rear of the courtroom. Though a defendant in a criminal case has a constitutional right to represent himself, a defendant who elects to proceed in such manner cannot thereafter complain on appeal that the quality of his own defense amounted to a

denial of "effective assistance of counsel." *Faretta v. California*, 422 U.S. 806, p. 834, footnote 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The defendant, acting pro se, made a motion to suppress which was heard shortly prior to trial. We find no written motion to suppress. At the suppression hearing the defendant made no objection that a portion of the tape recording was inadmissible because such revealed "other transactions." The inquiry was focused on the manner in which the recordings were made, and whether there was an unlawful intercept. A reference was made by defendant to possible "jury confusion," although the matter was never pursued. As indicated, the trial court denied the motion to suppress.

■ At trial the trial court allowed the tape recording to be played to the jury. Again objection was made, though again defendant's objection was general in nature. On appeal defendant is represented by counsel, who, in this Court, argues that the admission of the tape recording with the references to the Oregon transactions was error. However, in our view, the matter was not properly raised by the defendant in the trial court, and accordingly cannot be raised for the first time on appellate review. And, in any event, the alleged error, if such it be, does not amount to plain error. *United States v. Sluder*, 457 F.2d 703 (10th Cir. 1972), and *United States v. Stevens*, 452 F.2d 633 (10th Cir. 1972).

■ Additionally, under the circumstances we do not believe that the evidence here complained about should have been excluded by the trial court, even assuming a proper objection had been made. There is no question as to the accuracy of the tape recording. It corroborated Maisel's testimony that the defendant sold him golden eagle feathers on November 29. The recording was a fairly "good" one, with no particular "gaps" or "inaudible" passages. The recording was made with the knowledge and consent of Maisel, who was one of the two parties to the conversations. The volunteer statements made by the defendant concerned a similar sale of parts of a

golden eagle in Oregon and his ability to later convince a jury of his innocence. The Oregon trial took place only about six months prior to the defendant's arrest in New Mexico for a similar transaction.

Under the circumstances above described, the receipt of the tape recording, even assuming contemporaneous objection, would be justified as constituting evidence of a similar transaction tending to show intent, knowledge, motive, opportunity, plan, and the like. *United States v. Larsen*, 525 F.2d 444 (10th Cir. 1975) and *United States v. Stevens, supra.* Also, such statements were relevant in that they tended to negative Rowe's claim that he was the victim of "long range" entrapment. See *United States v. Rodrigues*, 433 F.2d 760 (1st Cir. 1970), cited with approval by us in our recent *United States v. Swets*, 563 F.2d 989 (10th Cir. 1977), where the First Circuit Court of Appeals held that evidence of the defendant's prior connection with the narcotics trade was admissible to rebut the defense of entrapment when prosecuted for a subsequent narcotics violation. In short, we find no error on the part of the trial court. The tape recording in our view was relevant and material to the issues in the case.

■ The instructions given the jury were not objected to by either Rowe or the public defender. No additional instructions were requested. Under the circumstances, the fact that a so-called "limiting" instruction was not given the jury does not amount to plain error. *United States v. Wheeler*, 444 F.2d 385 (10th Cir. 1971).

Judgment affirmed.