**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Lee GLOVER,**
**Defendant-Appellant.**

**No. 80–2026.**

United States Court of Appeals,
Tenth Circuit.

May 3, 1982.

---

Lee E. Witcher, Oklahoma City, Okl., for defendant-appellant.

Frank Michael Ringer, Asst. U. S. Atty., Oklahoma City, Okl. (David L. Russell, U. S. Atty., W. D. Okl., Oklahoma City, Okl., with him on brief), for plaintiff-appellee.

Before DOYLE and SEYMOUR, Circuit Judges and PECK *, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Appellant Robert Glover was convicted of conspiracy to distribute marijuana and of distribution of marijuana. He raises numerous issues on appeal, not all of which require explicit disposition. The relevant facts of his case will be narrated as the issues they relate to are discussed.

■ Glover asserts that the trial court erred in not declaring a mistrial after the prosecutor put the following question to Glover's codefendant on cross-examination:

"Have you heard [that one of the codefendant's character witnesses] has been arrested [sic] in March of 1975 for selling mortgaged property?" On appeal, the government concedes the impropriety of this question. Such questions do not make pleasant reading in a trial transcript, and their possible prejudice should not be discounted. The trial judge, however, sustained an objection to the question before it was answered, and admonished the jury not to consider it. In these circumstances, and in light of the entire record, we see no reversible error in denying appellant's mistrial motion.

■ Glover assigns error to the trial court's denial of his motion for a judgment of acquittal, arguing that the evidence presented did not establish his guilt of conspiracy to distribute marijuana or of distribution of marijuana. We find sufficient evidence to support Glover's conviction of distribution of marijuana as alleged in count II of the indictment. The indictment charged Glover and others with knowingly distributing about fifteen pounds of marijuana to persons known only as "Irvin" and "Virgil". Although Glover was not present at the transfer of marijuana to the anonymous buyers, the evidence allows the inference that Glover aided and abetted[1] this distribution by delivering, with one Loggins, the marijuana that was sold. Glover's argument that he was an unwitting onlooker at two transfers of large quantities of marijuana is unconvincing in light of the testimony of three eyewitnesses—witnesses that the jury apparently believed. We are, of course, bound to view this evidence and the inferences from it in the light most favorable to the prosecution. See, e.g., United States v. Blitstein, 626 F.2d 774, 776 (10th Cir. 1980), cert. denied, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981).

* Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. Count II charged Glover with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The latter statute provides:

§ 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Similarly, we hold that the evidence, so viewed, is sufficient to support Glover's conspiracy conviction. Witnesses testified that Glover was present at the negotiation of one marijuana sale, and had later taken part in an actual transfer of marijuana. Again, Glover's contention that he was an unwitting onlooker at this transfer beggars belief: other participants in the transfer even remarked to Glover that there was not much "loose marijuana" in the car trunk from which Glover had just taken bagged marijuana.

Glover also argues that the trial court erred in admitting the "hearsay" testimony of two coconspirators before the existence of a conspiracy, and Glover's part in it, had been shown. We hold that Glover has not preserved for appellate consideration any error in admitting the claimed hearsay in coconspirator Bishop's testimony. Defense counsel objected to this testimony not as hearsay, but as evidence "beyond the bounds of the alleged conspiracy in the indictment. . . ." Glover cannot argue on appeal a totally different ground for excluding Bishop's testimony of an out-of-court discussion. See, *e.g., United States v. Maultasch*, 596 F.2d 19, 24–25 (2d Cir. 1979); *United States v. Rowe*, 565 F.2d 635, 637 (10th Cir. 1977).

Glover did preserve for our consideration the admission of certain testimony of coconspirator Russell. Glover raised a continuing objection to Russell's testimony on the ground that no participation by Glover in any conspiracy had been shown. Yet much of Russell's testimony of out-of-court statements was not offered for the truth of those statements, and so was not hearsay to begin with. See generally *Anderson v. United States*, 417 U.S. 211, 219, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 20 (1974). We hold that any error in the admission of any of Russell's "hearsay" testimony was harmless to Glover. It did not particularly inculpate him. Moreover, the conspiracy of which Glover was convicted was, as we have held, proved by sufficient competent evidence.

We have fully considered Glover's other arguments and find them insubstantial.

The judgment of the district court is affirmed.