884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Michael WEEKS, Defendant-Appellant.
 No. 88-5700.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 20, 1989.
Decided Aug. 22, 1989.
 
 William Carlton Ingram, Jr. (Floyd, Greeson, Allen & Jacobs) for appellant.
 Douglas Cannon, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Danny Michael Weeks appeals his convictions stemming from the kidnapping of Susan Vincent from a parking lot in Greensboro, North Carolina. Finding no error, we affirm.
 
 
 2
 Weeks was charged in a four-count indictment with kidnapping, in violation of 18 U.S.C. Secs. 1201(a)(1) and (2); carrying a firearm during the commissison of a crime of violence, in contravention of 18 U.S.C. Secs. 924(c)(1) and (2); knowing possession of a firearm by a convicted felon, a violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(B); and willfully and knowingly transporting in interstate commerce a stolen motor vehicle knowing it to be stolen, as prohibited by 18 U.S.C. Secs. 2312 and 2. A jury found Weeks guilty on all counts. He appeals.
 
 
 3
 Weeks' first assignment of error is the trial judge's refusal to grant his motion for a continuance. Approximately one hour before jury selection was to begin, Weeks decided to discharge his attorney and proceed pro se. The trial judge permitted the discharge, but appointed the same attorney to sit behind Weeks during trial, acting as standby counsel.
 
 
 4
 Weeks moved for a continuance so that he could adequately prepare his defense. Weeks hoped to subpoena a witness whom his lawyer had not subpoenaed. The motion for a continuance was properly denied. Significantly, Weeks never identified this witness or revealed what the testimony would have been. His attorney informed the court that he had spoken to the witness, a Texas inmate, and that, in his opinion, the testimony would not assist Weeks' defense.
 
 
 5
 Largely because of scheduling difficulties, "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel.' " Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). The trial court must balance a defendant's "qualified" right to represent himself against the "countervailing state interest ... of proceeding with prosecutions on an orderly and expeditious basis, taking into account the practical difficulties of 'assembling the witnesses, lawyers, and jurors at the same time.' " Sampley v. North Carolina, 786 F.2d 610, 612-13 (4th Cir.), cert. denied, 478 U.S. 1008 (1986) (quoting Morris v. Slappy, 461 U.S. at 11).
 
 
 6
 This Court has recognized the principle that if there exists a substantial claim justifying a continuance, the motion for a continuance should be made as early as possible. "The later the motion is made the more disruptive will be any continuance granted, and the more likely it may reasonably appear to the judge that the motion is made for dilatory purposes." United States v. Badwan, 624 F.2d 1228, 1231 (4th Cir.1980), cert. denied, 449 U.S. 1124 (1981). A defendant must show on appeal specifically how the denial of a continuance prejudiced the defense. Id.
 
 
 7
 In this case, Weeks failed to make the requisite showing. He mentioned only an unnamed inmate in Texas whose testimony would have bolstered the defense in an unspecified manner. Weeks' attorney stated that after speaking to the putative witness, he felt that nothing would be gained by subpoenaing the man. The denial of the continuance was not an abuse of discretion.
 
 
 8
 Weeks' second contention concerns Count III of the indictment, which charged him with the knowing possession of a firearm by a convicted felon, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(B). The indictment specified that Weeks had been convicted both of armed robbery and second degree murder. Prior to trial, Weeks' attorney, the prosecutor, and the district judge met in chambers. Weeks' lawyer orally moved to keep out of evidence Weeks' prior conviction for murder, agreeing to stipulate to the armed robbery conviction. The concern was that knowledge of the murder conviction would inflame the jury. The judge did not decide the motion at that time.
 
 
 9
 At the start of trial, Weeks' motion to discharge his attorney was granted. No offer to stipulate was made, and the judge did not rule on the in-chambers motion. In his opening statement, the prosecutor stated, "Mr. Weeks is also charged with possessing a firearm having been convicted of two crimes--second-degree murder and armed robbery." Weeks lodged no objection. In fact, in his opening remarks, Weeks freely admitted to both convictions.
 
 
 10
 When the trial was well under way, the United States moved to introduce into evidence proof of the two convictions. Weeks, upon advice of standby counsel, objected. The court overruled the objection.
 
 
 11
 We find that the court correctly decided that Weeks' failure to object during the United States' opening remarks and Weeks' mention of both the murder and robbery convictions in his own opening remarks precluded his objecting to the evidence at a later point in trial. Weeks' pro se status does not save him. A litigant who has received adequate warnings of the perils of representing himself is held to the same standards as if he were represented by counsel. Faretta v. California, 422 U.S. 806, 834-36 (1975); see United States v. Flewitt, 874 F.2d 669 (9th Cir.1989).
 
 
 12
 The trial transcript reflects that the judge questioned Weeks and his attorney about Weeks' decision to proceed pro se, informed Weeks that because he was not schooled in law, he would be better off to have counsel's active assistance, and urged Weeks to reconsider his decision. Under Faretta, this was an adequate warning. Therefore, his failure to object in a timely fashion to the introduction of both felonies was fatal, and his subsequent objection was correctly overruled. See United States v. Rowe, 565 F.2d 635, 637-38 (10th Cir1977).
 
 
 13
 Finally, Weeks contests the court's not allowing into evidence responses to two questions posed by Weeks to Vincent.* Weeks' main purpose during cross-examination was to discredit Vincent's story by suggesting that her activities during the time she was held were atypical of a kidnapping victim. Even if the questions had been relevant, they were cumulative. Moreover, merely by posing the two questions, Weeks, in our opinion, was able to suggest as a possible motive for Vincent's purported perjury a fear that Weeks' acquittal would have placed her job in jeopardy.
 
 
 14
 For the foregoing reasons, we affirm the convictions. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 15
 AFFIRMED.
 
 
 
 *
 On cross-examination, Weeks asked the victim, "[Are] you aware of any conflicts of interest between other people also employed who maybe assume you shouldn't be appointed Corporal ...?" The court sustained an objection on relevancy grounds. Id. Later, Weeks inquired, "Are you aware that you could be involved in some sort of criminal--or maybe the government or some department would pursue criminal complaints against you should I ... win this case?" Again, the objection was sustained