**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMIE TERONCE WALKER,

    Defendant-Appellant.

No. 05-8007
(D.C. No. 04-CR-130)
(Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **EBEL,** Senior Circuit Judge.

---

Jamie Teronce Walker, the defendant, was charged in a one count indictment filed in the United States District Court for the District of Wyoming with maliciously attempting to damage and destroy by means of fire a residence located at 4501 Cleveland Avenue, Cheyenne, Wyoming, on or about May 1, 2004, which residence was owned by the Cheyenne, Wyoming Housing Authority, an organization receiving Federal financial assistance, in violation of 18 U.S.C. § 844(f)(1). A jury convicted the defendant of the crime thus charged and he was later sentenced to imprisonment for 115 months.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals.

On appeal, the defendant raises one issue, i.e., whether the district court erred in excluding from its sequestration order of witnesses the two law enforcement officers who had taken a purported confession from the defendant. In that purported confession, the defendant confessed that he had, in fact, attempted to damage and destroy by means of fire the building here involved. That building was owned by a Wyoming entity which received financial assistance from the federal government. Brief reference to the evidence adduced at trial will place the matter in focus.

The defendant had been dating a girl who was living in the building here involved. The two had just "broken up," and the young lady, and a friend, both testified that the defendant had said he was going to burn down her home. Shortly thereafter, someone did attempt to burn down the residence where defendant's ex-girlfriend had been living, and the building was partially burned. More specifically, subsequent investigation of the fire revealed that the origin thereof was a 30-foot strip at the base of the back wall of the house and was caused by igniting gasoline that had been poured on the back wall. Defendant left Wyoming in his uncle's car shortly thereafter. Some time later, on or about June 5, 2004, the defendant called the Wyoming authorities and stated that he was returning to Wyoming to get the whole matter straightened out. When he arrived in Cheyenne, he was met by Detective John Phillips of the Cheyenne Police Department and Special Agent Paul Claflin of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Defendant was taken by the officers to the local police station where he was given a Miranda warning and where he signed a waiver to speak to the police without an attorney. After initially denying that he set fire to the building, defendant, according to the officers, confessed to setting the building afire.

Prior to trial, the defendant filed a motion to suppress the confession he made to the officers, contending that although he had confessed to setting the fire, his confession was coerced, and not voluntary. At the suppression hearing, both officers and the defendant testified as to the circumstances leading up to his alleged confession. As stated, the defendant testified that, after initially denying that he had set fire to his ex-girlfriend's housing quarters, he eventually confessed to setting fire to the building because of his fear that, if he didn't confess, he might otherwise be charged with attempted murder, rather than with the charge with which he was ultimately charged, i.e., attempting to destroy property by arson. The district court denied the motion.

Shortly after the jury had been selected, the defendant's counsel verbally requested that all potential witnesses in the case be excluded from the courtroom during the trial. In connection with that request, government counsel asked that his "two investigators" be excluded from any sequestration order. The district court then granted defendant's request, with the proviso that Officer Phillips and Agent Claflin could remain in the courtroom during trial. The defendant did not object to the district court's order.

At the ensuing trial, Agent Claflin was called as a prosecution witness in its case-

in-chief and there was no objection by the defendant to his so testifying. However, when the government announced, as it was concluding its case-in-chief, that it intended to call Officer Phillips as a rebuttal witness, defense counsel did object, arguing that it was error to permit Officer Phillips to remain in the courtroom during the trial and then testify as a rebuttal witness for the government. That objection was denied, and Officer Phillips did testify as a government witness on rebuttal.

As already stated, the defendant on appeal raises one issue: whether the district court erred in its order sequestering the witnesses from attendance at defendant's trial but excluding from that order Agent Claflin and Officer Phillips. In this regard, as jury selection was drawing to an end, defendant's counsel orally moved the district court to exclude all witnesses from attendance in the courtroom during the trial in order to prevent witnesses who were called later during the trial from "tailoring" their testimony so it jibed with the testimony of witnesses who had preceded them on the witness stand. Without any argument from counsel, the district court granted defendant's motion, and ordered all potential witnesses to stay out of the courtroom while other witnesses were being questioned, but, at the request of the government, excluded from its order Agent Claflin and Officer Phillips. Counsel for the defendant voiced <u>no</u> objection to that order. Accordingly, Agent Claflin and Officer Phillips remained in the courtroom throughout the trial. When Agent Claflin was called as a government witness, no objection was made to his testifying as a government witness. It was only when the government's case-in-chief

was about to be concluded, and court and counsel were speculating how much longer the trial would last, that defense counsel, when the government announced that it proposed to call Officer Phillips as a rebuttal witness, first claimed that the district court had erred in permitting Officer Phillips to remain in the courtroom, thereby permitting Officer Phillips to hear Agent Claflin's testimony previously given at the trial. Counsel suggests that the government was only entitled to have one of the two enforcement officers excluded from its general sequestration order. The district court overruled counsel's objections, stating that it customarily allowed the government to exclude two of its potential witnesses when granting a general sequestration order. The argument of this particular matter was not an extended one, and constitutes only five or six lines in the record before us.

The general rule is that issues not timely raised in the district court in a criminal proceeding may not be raised for the first time on appeal. *See,* for example, *United States v. Rowe,* 565 F.2d 635 (10th Cir. 1977). In this case, when the district court entered its sequestration order, defense counsel made no objection to the district court's ruling that Agent Claflin and Officer Phillips were not subject to the order. When Agent Claflin was called as a witness, defense counsel did not object. Only when the government indicated it would call Officer Phillips as a rebuttal witness, did defense counsel first voice any objection to the district court's excluding Officer Phillips from the sequestration order.

The present controversy involves Federal Rules of Evidence 615, which provides as follows:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

As mentioned, defense counsel made no objection to the district court's order sequestering the witnesses in the case, but excluding from its order Agent Claflin and Officer Phillips. As a result, Agent Claflin and Officer Phillips remained in the courtroom throughout the trial. Thus, when defense counsel did object to allowing Officer Phillips to testify as a rebuttal witness, it was too late. Agent Claflin had already testified. Such being the case, we conclude that defense counsel failed to timely object to the district court's order excluding Agent Claflin and Officer Phillips from its sequestration order and cannot, on appeal, raise the issue of the propriety thereof, unless it comes under the "plain error" exception to the general rule that matters not raised at trial cannot be raised for the first time on appeal, in which event under Fed. R. Crim. P. 52(b) it may be considered on appeal.

In *United States v. Olano,* 507 U.S. 725, 734 (1993), the Supreme Court held that the "plain error" provision of Fed. R. Crim. P. 52(b) encompasses four requirements: (1) there must be "error"; (2) the "error" must be "plain error", i.e. "clear" or "obvious"; (3) which affects "substantial rights", and (4) "seriously affect the fairness, integrity, or

6

public reputation of judicial proceedings." If all of the requirements of *Olano* are met, then, under 52(b), the reviewing court "may" consider the merits of the matter.

The defendant has failed to meet the requirements of *Olano.* Although some circuits do limit the government to excluding only one of its witnesses from a general sequestration order, other circuits do not. *See United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986), vis-a-vis *United States v. Green,* 324 F.3d 375, 380 (5th Cir. 2003). The Tenth Circuit has not ruled on this particular matter. Accordingly, under current Tenth Circuit law, in exempting Agent Claflin and Officer Phillips from its exclusion order entered at the outset of the trial, we do not need to decide if the district court erred because, in any event, the district court did not commit "plain error." In this general connection, *see United States v. Pritchard,* 781 F.2d 179, 183 (10th Cir. 1986), where we spoke as follows:

> Violation of a defendant's right that witnesses be sequestered does not require a new trial, however, unless the court's decision to allow the allegedly tainted testimony was an abuse of discretion or resulted in prejudice to the defendant.

Further, it is difficult to perceive how any error in this regard "prejudiced" the defendant. At the hearing on the motion to suppress, Agent Claflin and Officer Phillips, and the defendant all testified at length in each other's presence concerning all of the events occurring during defendant's questioning by the police, and their testimony at trial paralleled their testimony on defendant's motion to suppress.

Judgment affirmed.

Entered for the Court,

Robert H. McWilliams
Senior Circuit Judge