**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Vincent Lawrence BORCICH and Roger LeRoy Conaway, Defendants-Appellees.**

**No. 71–1268.**

United States Court of Appeals, Tenth Circuit.

June 8, 1972.

**1392**

Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Oretga, U. S. Atty., Albuquerque, N. M., with him on brief), for plaintiff-appellant.

James R. Toulouse of Toulouse & Moore, Albuquerque, N. M., for defendants-appellees.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

Lewis, Chief Judge.

Borcich and Conaway stand charged in a two-count indictment with violations of 21 U.S.C. § 176a, the transportation and importation of 1200 pounds of marihuana. After an evidentiary hearing on a motion to suppress, the District Court for the District of New Mexico found that the marihuana was obtained by state police in a manner violative of the accused's rights and granted the motion to suppress. The United States appeals. The findings and conclusions of the trial court are in the form of a narrative analysis of the evidence which we can only summarize.

On January 14, 1970, State Police Officer Hutchinson observed a pickup truck containing two occupants traveling on a remote stretch of U. S. Highway 60. Apparently entertaining a general suspicion, Officer Hutchinson followed the truck until the driver drove it over the center dividing line of the highway. The officer then stopped the truck.[1]

---

1. Crossing the center line is not a per se traffic violation under the New Mexico traffic code. If the movement "can be made with safety" it is not unlawful.

The occupants of the pickup were the driver appellee Conaway and his passenger appellee Borcich. Officer Hutchinson requested and received identification and driver's licenses from each appellee, but became additionally suspicious when he received conflicting stories from the two concerning their activities in New Mexico and Arizona, their possession of the pickup truck, and their relationship to its registered owner. The officer made a routine check to determine whether the vehicle was stolen, and received a response indicating that the appellees had lawful possession of the vehicle. The appellees then asked the officer if they had permission to go. The officer responded that they were not free to go; he felt that something suspicious was going on and he intended to get to the bottom of it. The officer then requested permission to search the enclosed back of the pickup but was denied by Conaway. The officer later testified that he had detected a strange odor about the pickup and didn't know what it was but thought it might be narcotics. He had made no mention of this to appellees. When a second New Mexico State Police Officer was called and arrived, Conaway was placed under arrest, handcuffed, and placed in the back seat of Officer Hutchinson's patrol car. A search of the persons of both Conaway and Borcich revealed nothing.

Borcich was not specifically told he was under arrest. He was directed, however, to drive the pickup to Reserve, New Mexico, over 100 miles away, unless he wished to incur towing charges. No practical alternative existed and, as the court found, absent compliance with the direction to drive, Borcich would have been forcibly restrained. The three vehicles proceeded in tandem toward Reserve, Officer Hutchinson in the lead, followed by Borcich in the pickup, and the other officer following in his patrol car. As the group approached Reserve, the officer in the rear observed Borcich throw a small object from the window of the pickup. The object was recovered and proved to be a small tin of marihuana. Upon their arrival in Reserve the appellees were placed under arrest for possession of marihuana. A search warrant, based entirely on the recovery of the tin, was obtained authorizing a search of the pickup's enclosed back. The search revealed the marihuana described in the indictment.

From these facts the trial court determined that both Conaway and Borcich were unlawfully arrested, the pickup was unlawfully seized, the tin of marihuana recovered during the forced caravan to Reserve was the fruit of unlawful police conduct, the warrant was based on unlawfully seized evidence, and concluded that the subject evidence gained during the course of the incident should be suppressed in toto.

■ The government contends that neither appellee was unlawfully arrested, that the tin of marihuana was lawfully seized independent of the restraint put upon Borcich and that Conaway has no standing to complain of the conduct accorded Borcich. We consider the evidence to negate completely the existence of merit in any of these contentions.

As the trial court found, Conaway was not under lawful arrest for a purported traffic violation[2] but was shackled and under complete restraint to further the desire and aid the arresting officer in establishing his suspicion and intent to "get to the bottom" of things. So, too, Borcich was in complete and controlled custody for the same purpose. His liberty of movement was totally denied him although lip service accorded him a

---

Sec. 64–18–16(a), N.M.S.A., 1953. It is undisputed that there was no other traffic anywhere in the vicinity when the truck was stopped. Although the officer wrote out a traffic citation he did not serve nor issue it.

2. The trial court did not make a specific finding to this effect but stated that "taking the camper and the parties had nothing to do with crossing the white line."

**1394**

non-existent alternative. He could not leave the caravan and simple reality necessitated the finding of his unlawful arrest. Moran v. United States, 10 Cir., 404 F.2d 663.

 Evidence obtained and tainted by an illegal arrest is, of course, subject to suppression unless it is not obtained by exploitation of the arrest but "by means sufficiently distinguishable to be purged of the primary taint." Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. The trial court here found that the primary taint of Borcich's arrest was not purged at the time he threw the tin of marihuana from the truck. This finding was not clearly erroneous in the case at bar although considerable lapse of time had occurred and many miles had been traveled before the incident occurred. The trauma of Borcich's arrest and the continuing compulsion of the armed and isolated caravan would do little to free Borcich of the fear inherent in his situation. It follows that the evidence so obtained could not validly premise the search warrant and that the marihuana discovered in the truck was properly suppressed as against Borcich.

Finally, the government contends that Conaway has no standing to assert any right to suppression of evidence attributable to Borcich's unlawful arrest or resulting therefrom. This argument flows from numerous decisions of this and other courts which establish that the basic right to suppress accrues only to the individual whose personal rights have been constitutionally violated. But the factual situations of the cited cases, far too numerous to here recite, are not analogous to our case. Here, Conaway had an admitted proprietary interest in the truck which had been unlawfully seized by the police and placed under the limited control of a literal captive. The coerced conduct of Borcich, whose person had already been searched, was as violative of Conaway's proprietary rights as if a police officer had been driving the truck and searched it en route to Reserve.

In sum this case presents a case of remarkable but naked police intuitive action intolerable in law regardless of success. Affirmed.