**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA

    Plaintiff-Appellee,

v.

GARY DON BRISCOE,

    Defendant-Appellant.

No.99-2206
D.C. No. CR-98-863-JC
D. New Mexico

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK, HOLLOWAY** and **EBEL**, Circuit Judges.

---

A grand jury indicted Defendant Gary Don Briscoe (Defendant) for possession of 10 grams and more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2. Defendant moved to suppress evidence of his drug possession, arguing that the evidence was the product of an unlawful traffic stop. The district court disagreed and denied the motion. Defendant then pleaded guilty, reserving the right to appeal for review of the denial of his motion to suppress. This timely appeal ensued. For the reasons that follow, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

On November 5, 1998 at about 11:00 or 11:15 a.m. Albuquerque Police Officer Wayne Jones received a request from Detective Rock Hart to identify the driver of a black Dodge pickup truck. See II App. at 5. Officer Jones began following the truck, looking for a traffic violation that would allow him to stop the driver. See id. at 6. After waiting at a traffic light, Officer Jones noticed that the brake lights on the truck stayed on, even though the truck was moving. Officer Jones therefore pulled the truck over. See id.

After the truck had stopped, Officer Jones approached the driver, Defendant, and told him why he had stopped the truck. See id. at 6-7. Defendant told the officer that he thought that there might be something wrong with the brake lights because the truck's rear bumper had been stolen. Defendant also told the officer that he did not have his driver's license with him. See id. at 7.

Officer Jones then went back to his car to issue a citation and run a MVD through his indices and an NCIC check on Defendant. See id. Those checks revealed that Defendant had an outstanding misdemeanor warrant. See id. at 8. Pursuant to the warrant, Officer Jones arrested Defendant. See id. Officer Jones' partner, Officer Smith, then patted down Defendant to check for weapons. See id. That pat-down revealed a quantity of drugs on Defendant. See id.

After the arrest, Officer Jones issued Defendant a citation for driving without a license and a warning citation for driving with defective equipment, the brake lights. See

id. Defendant signed the latter citation, which constituted an admission of guilt. See id. at 9. Another officer, Officer Mallory, then drove Defendant's truck to the police station. See id. at 19.

A grand jury indicted Defendant Gary Don Briscoe (Defendant) for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § (b)(1)(B). See I App. at 8. Defendant moved to suppress evidence of his drug possession, arguing that the evidence was the product of a warrantless and illegal seizure of Defendant in violation of his constitutional rights. See I App. 18 at 1. Specifically, Defendant argued that continuous illuminations of the brake lights did not violate New Mexico law. See I App. 19 at 3. The district court disagreed, holding that the illuminations constituted an unsafe condition in violation of N.M. Stat. Ann. § 66-3-801A. See II App. at 20-21. Defendant then pleaded guilty, reserving his right to appeal for review of the denial of his motion to suppress. See I App. 46 at 2.

## II

When reviewing the denial of a motion to suppress, we accept the district court's factual findings unless they are clearly erroneous. See United States v. Davis, 197 F.3d 1048, 1050 (10th Cir. 1999). However, we review the ultimate reasonableness of a search or seizure de novo. See id.

## III

### A

When determining the propriety of a traffic stop, the question before the court is whether "the particular officer had reasonable suspicion that the particular motorist violated any of the multitude of applicable traffic and equipment regulations of the jurisdiction." United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998) (citation, alteration, and internal quotation marks omitted).[1] As noted above, the officer in this case observed that Defendant's brake lights continued to illuminate, even though the vehicle was moving.

N.M. Stat. Ann. § 66-3-801A provides:

> Except as otherwise provided in this section, it is a misdemeanor for any person to drive or move or for the owner to cause or permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustments as is required by Sections 66-3-801 through 66-3-887 NMSA 1978 or which is equipped in any manner that is in violation of those sections or for any person to do any act forbidden or fail to perform any act required under those sections.

As is apparent, the statute provides "three alternative ways that a vehicle would be covered: (1) it is in such unsafe condition as to endanger any person, (2) it does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustments as required by Sections 66-3-801 through 66-3-887, or

---

[1] Ordinarily, the court also considers whether the officer's actions were "reasonably related in scope to the circumstances that first justified the interference." United States v. Burch, 153 F.3d 1140, 1141 (10th Cir. 1998) (citation and internal quotation marks omitted). The parties do not contest the district court's finding that the officer's actions satisfied that requirement.

(3) it is equipped in any manner that is in violation of those sections." State v. Munoz, 965 P.2d 349, 352 (N.M. Ct. App. 1998) (internal quotation marks omitted). The government argues on appeal that Defendant's truck fell within the second category. See Appellee's Answer Brief at 9-11. Specifically, the government notes that N.M. Stat. Ann. § 66-3-828B provides:

> Every stop lamp shall be plainly visible and understandable from a distance of one hundred feet to the rear both during normal sunlight and at nighttime and a signal lamp or lamps indicating intention to turn shall be visible and understandable during daytime and nighttime from a distance of one hundred feet both to the front and rear. When a vehicle is equipped with a stop lamp or other signal lamps, such lamp or lamps shall at all times be maintained in good working condition. No stop lamp or signal lamp shall project a glaring or dazzling light.

(emphasis added). Read together, then, N.M. Stat. Ann. § 66-3-801A makes it a misdemeanor to use equipment that does not conform with N.M. Stat. Ann. § 66-3-828B and N.M. Stat. Ann. § 66-3-828B, in turn, requires stop lights to be in "good working condition." As stated above, Defendant's brake lights improperly continued to illuminate when the truck was moving. Accordingly, the brake lights were not in "good working condition," as required by N.M. Stat. Ann. § 66-3-828B.

Defendant, however, presents two reasons why the government cannot rely on N.M. Stat. Ann. § 66-3-828 B on appeal. First, Defendant notes that neither the government nor the district court relied on this provision below. See Appellant's Reply Br. at 4-5. This court, however, may affirm the district court on any basis the record supports, even one the district court did not reach. See Wolfgang v. Mid-America

Motorsports, Inc., 111 F.3d 1515, 1524 (10th Cir. 1997) ("[W]e are not constrained by the district court's conclusions, but may affirm the district court on any legal ground supported by the record."). Therefore, Defendant's first argument is not well taken.

Second, Defendant argues that Officer Jones did not rely on N.M. Stat. Ann. § 66-3-828B as a basis for stopping Defendant. Indeed, Officer Jones testified that N.M. Stat. Ann. § 66-3-801A, by itself, warranted the traffic stop. See II App. at 15-16; see also Appellant's Reply Brief at 3-4.

Officer Jones did, however, correctly determine that a malfunctioning brake light violated N.M. Stat. Ann. § 66-3-801A (even though he did not correctly cite the additional necessary statute, N.M. Stat. Ann. § 66-3-828B). More importantly, the Fourth Amendment looks not at the subjective belief of the officer, but at the objective evidence. Davis, 197 F.3d at 1051 ("The 'subjective belief' of an individual officer as to whether there was probable cause for making an arrest is not dispositive. "). Therefore, as the New Mexico courts have observed, a traffic stop is valid, even when the officer cites the wrong statute, if the driver was, in fact, violating the traffic code:

> The subjective belief of the officer does not itself affect the validity of the stop; it is the evidence known to the officer that counts, not the officer's view of the governing law. Accordingly, we can ignore the inappropriate reference to Section 66-7-357 in the citation [the officer] prepared. If his observations provided reasonable grounds to believe that another statute was being violated, or that the vehicle constituted a safety hazard, the stop was valid, regardless of his incorrect understanding of the law.

Munoz, 965 P.2d at 352 (citations omitted). As noted above, the malfunctioning brake

light violates N.M. Stat. Ann. § 66-3-828B, when read in conjunction with N.M. Stat. Ann. § 66-3-801A. Accordingly, the traffic stop was justified, even though Officer Jones did not expressly rely on N.M. Stat. Ann. § 66-3-828B.

**B**

The trial judge correctly found that the subjective reason "is not of any consequence. It's the objective reason. The officers testified the brake lights were on. It would be an unsafe condition, under 66-3-801 A." II Tr. 19-20. Even ignoring N.M. Stat. Ann. § 66-3-828B, the faulty brake lights violated N.M. Stat. Ann. § 66-3-801A. As noted above, N.M. Stat. Ann. § 66-3-801A prohibits three different items, including vehicles that are "in such unsafe condition as to endanger any person." The district court did not clearly err by determining that the truck was in such a condition.[2]

The Defendant says the traffic stop occurred on a clear day at 11:15 a.m. See Appellant's Brief-in-Chief at 15. Officer "Jones admitted that no other vehicle had to take any evasive action by the brake lights remaining on." Id. Indeed, Agent Mallory drove the "otherwise alleged unsafe" truck back to the headquarters. Id. Taken together, Defendant argues there was no evidence that the brake light rendered the truck unsafe on the day in question. Defendant assumes that such proof prevents the government from

---

[2] We note that this case differs from the ultimate outcome in Munoz. In Munoz, the district court never made a factual finding on whether the vehicle was in "such an unsafe condition as to endanger any person." 965 P.2d at 353-54. Accordingly, the court remanded for such a finding. See id. Here, the district court made such a finding and the only question is whether that factual determination was clearly erroneous.

- 7 -

establishing a violation of N.M. Stat. Ann. § 66-3-801A.  Defendant is incorrect:

> Under . . . Section 66-3-801(A), the law is violated by driving a vehicle that is in an unsafe condition, regardless of whether it is being driven unsafely at the time. . . . [T]he State is not limited to citing drivers for safety violations as the wreckage is being towed away.  It is the risk of harm, not its realization that counts.

Munoz, 965 P.2d at 353 (internal quotation marks omitted).  Officer Jones could have reasonably concluded and the trial court could properly find that a faulty brake light constitutes an unsafe condition generally, even though there was no evidence that it made driving on that particular day unsafe.[3]  In the circumstances, the district court did not clearly err by denying the motion to suppress.[4]

---

[3]  Officer Jones never stated that he believed that the vehicle was operating in an unsafe condition.  He believed that the brake light was not in proper working condition as required by N.M. Stat. Ann. § 66-3-801A.  However, as noted above, the officer's subjective belief is not determinative.

[4]  Defendant argues that two cases from this circuit require a contrary result. In both cases, the statute at issue regulated the conduct of the driver.  See United States v. Gregory, 79 F.3d 973, 978 (10th Cir. 1996) (statute requiring a vehicle to be "operated as nearly as practical entirely within a single lane"); United States v. Borcich, 460 F.2d 1391, 1392 n.1 (10th Cir. 1972) (statute prohibiting crossing the yellow line unless "it can be made with safety").  In both cases, the court held that the driver's conduct on the day in question was not unsafe in violation of the statute.  See, e.g., Gregory, 79 F.3d at 978-79.

Unlike in those cases, the statute at issue here, N.M. Stat. Ann. § 66-3-801 A, regulates the maintenance of the vehicle.  Under that statute, the question is whether the vehicle was safe at the time it was being driven.  Because of these differences in the statutes, neither Gregory nor Borcich provide guidance in this case.

Defendant also cites United States v. Miller, 146 F.3d 274 (5th Cir. 1998).  There, the  officer cited the driver for "flashing his turn signal without turning or changing lanes."  Id. at 277.  The court held that no provision of the Texas Vehicle Code prohibited

## IV

For the foregoing reasons, we AFFIRM the judgment and the district court's denial of the motion to suppress evidence.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

that conduct. <u>See</u> <u>id.</u> at 278-79. As noted above, a provision in the New Mexico code does prohibit equipment that is in an "unsafe condition." Accordingly, <u>Miller</u> provides no guidance in this case.